Johnnie Lee SMITH, Appellant,

v.

Leslie E. FERRELL, Jr., Guard, William I. Kiyser, Guard, Wallace I. Smitt, Guard and William C. Buel, Guard.

No. 18699.

United States Court of Appeals, Third Circuit.

Submitted June 19, 1970.

·Decided July 24, 1970.

Johnnie Lee Smith, pro se.

Craig T. Stockdale, Asst. County Solicitor, County of Allegheny, Pittsburgh, Pa., for appellees.

Before BIGGS, STALEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Appellant, who is currently serving a sentence of life imprisonment, seeks money damages pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, for injuries allegedly sustained as a result of a beating he claims was administered by several prison guards. Jurisdiction is based on 28 U.S.C. § 1343.

Judge Rosenberg found appellant's complaint "sufficiently specific to set out a cause of action" and allowed appellant to proceed in forma pauperis. On October 30, 1969, Judge Willson ordered the case to trial on January 12, 1970, instructing appellant to appear in person or by counsel. At the same time, however, Judge Willson refused to order the release of appellant to appear at the trial, and denied appellant's motion for appointment of counsel. Appellant then petitioned the District Court for a writ of habeas corpus ad testificandum to enable him to appear at trial, but Judge Willson denied the motion, instructing the Clerk of the Court not to list the matter for trial again until the Clerk is "notified by plaintiff that he [plaintiff] is available for trial purposes."

In view of appellant's indigency and the fact that he is serving a life sentence, we believe the effect of these denials of appellant's motions is to delay unduly his right to seek relief for alleged violations of his civil rights. Although we have grave doubts regarding the merits of appellant's claim, we are constrained for the above reasons to grant relief.[1]

Accordingly, the judgment will be vacated and the case remanded to the District Court with directions to appoint counsel, pursuant to 28 U.S.C. § 1915(d), who should be instructed to take such appropriate action under the circumstances so as to expedite the disposition of the civil action.

1. See generally "The Indigent's Right to Counsel in Civil Cases," 76 Yale L.J. 545 (1967); "The Supreme Court, 1968 Term," 83 Harv.L.Rev. 7, 200 (1969).