**Denver Joe McMATH, Sr., and Sammy Jide Aguda, Plaintiffs,**

v.

**Lamar ALEXANDER et al., Defendants.**

**No. 80–3008.**

United States District Court, M. D. Tennessee, Nashville Division.

March 7, 1980.

---

Denver Joe McMath, Sr., pro se.

John C. Zimmermann, Asst. Atty. Gen., Nashville, Tenn., for defendants.

## MEMORANDUM

WISEMAN, District Judge.

Plaintiffs have filed suit under 42 U.S.C. § 1983 alleging that the Tennessee Department of Correction, acting primarily through Correction Officer B. Howard, unconstitutionally deprived them of their jobs at the Tennessee State Prison, in which plaintiffs are incarcerated. Suit was filed, and the Court granted a motion to proceed in forma pauperis, on January 4, 1980. The cause is presently before the Court on three separate motions. In chronological order, they are: (1) defendants' motion to dismiss for failure to state a claim for which relief can be granted (F.R.Civ.P. 12(b)(6)); (2) plaintiffs' motion for summary judgment (F.R.Civ.P. 56); and (3) plaintiffs' request for appointed counsel.

The Court will deny plaintiffs' request for counsel, and summary judgment will be granted in favor of all defendants, Alexander, Bradley, Rose, and Howard.

### Request for Counsel

Under 28 U.S.C. § 1915(d), a federal court may, in its discretion, appoint counsel for indigent plaintiffs in civil proceedings. *See Smith v. Ferrell,* 429 F.2d 10 (3d Cir. 1970). In *Smith,* a Third Circuit panel ordered appointment of counsel for an inmate who claimed in a section 1983 action that he had been beaten by guards. Accusations of beatings by prison personnel raise serious questions under the Eighth Amendment's ban against cruel and unusual punishments, and 42 U.S.C. § 1983 actions based on such accusations should be carefully scrutinized. In the instant case, however, the plaintiffs, acting *pro se,* have set forth the nature of their claims quite clearly, but the Court, for reasons to be discussed below, has concluded that the plaintiffs' allegations simply do not raise any constitutional issues. Therefore the plaintiffs' request will be denied.

### Summary Judgment

Because the Court has considered matters outside the pleadings, the defendants' motion for dismissal pursuant to Rule 12(b)(6) will be treated as a cross-motion for summary judgment. *See* Wright & Miller, *Federal Practice and Procedure* § 1366 (1969).

Specifically, the Court has considered the numerous affidavits and copies of prison documents presented by the plaintiffs at the time of the original filing and as part of their motion for summary judgment. These materials unambiguously convey the nature of plaintiffs' claim; in essence, plaintiffs allege that their dismissal failed to satisfy the requirements of Fourteenth Amendment procedural due process, and that their dismissal constituted cruel and unusual punishment in violation of the Eighth Amendment, as applied to the states through the Fourteenth.

Plaintiffs' procedural due process claim must be rejected, however, because the plaintiffs' own affidavits clearly establish that the state did afford them an opportunity to be heard. Plaintiffs' motion for summary judgment (filed February 5, 1980), contains a personal memorandum from Warden Rose to both plaintiffs, dated January 23, 1980. The memorandum specifically states: "This is to advise you that you have the right to appeal your case to the institution's Job Assignment Board in order that you may have a due process hearing on this matter. Should you decide to pursue this on the institutional level, you should contact Lt. Mayberry." Plaintiffs have also submitted a memorandum from Warden Rose to all staff and residents of the penitentiary, dated January 24, 1980, in which it is stated that: "4) Any resident who wishes to challenge the fairness of a job drop has the option of requesting a due process hearing before this [Job Assignment Committee]."

■ There is little support for the claim that prisoners have any liberty or property interests in prison jobs. *See Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975); *Gardner v. Johnson*, 429 F.Supp. 432, 434–35 (E.D.Mich.1977); *Gahagan ·v. Pennsylvania Board of Probation and Parole*, 444 F.Supp. 1326, 1330–31 (E.D.Pa.1978) (all holding that an inmate's expectation of keeping a prison job does not amount to a property or liberty interest entitled to due process protection). In the instant case, however, the state has provided plaintiffs with the opportunity to be heard, and any procedural due process requirement that might arguably be constitutionally required has been satisfied. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Plaintiffs further allege that their dismissal constituted cruel and unusual punishment, but the Court also rejects that argument. There is no authority for the proposition set forth by plaintiffs. There is authority for the proposition that a state penal system may violate the Eighth Amendment if it does not provide sufficient work opportunities for inmates, *e. g., Pugh v. Locke*, 406 F.Supp. 318, 330 (N.D.Ala. 1976), but that issue is not before this Court.[1] Dismissal from a prison job for the violation of prison rules does not approach a condition "shocking to the conscience of reasonably civilized people" that would constitute a violation of the Eighth Amendment. *See Holt v. Sarver*, 309 F.Supp. 362, 372–73 (E.D.Ark.1970), quoted in *Pugh*, 406 F.Supp. at 329. Moreover, the seriousness of the plaintiffs' punishment is significantly vitiated by their opportunity to have a hearing before the Job Board. For these reasons, their Eighth Amendment claim must be rejected.

Summary judgment is appropriate when it is clear that there are no factual issues to be tried. Wright & Miller, *Federal Practice and Procedure* § 2725 (1973). The plaintiffs' own documents convince the Court that their procedural due process rights have been satisfied. The Court has further concluded as a matter of law that even if all the facts set forth by plaintiffs are true, they have not been subjected to cruel and unusual punishment. For these reasons, a summary judgment will be entered in favor of all defendants.

---

1. The Court takes judicial notice that the issue of inmate idleness, among many others, is currently being litigated as a class action in the Tennessee courts, and both plaintiffs are members of the plaintiff class. *See Trigg v. Blanton*, No. A–6047 (Davidson County Chancery Court, Part I, December 20, 1978, argued in Court of Appeals, January 25, 1980).