Sharon D. BROOKS, Plaintiff-Appellant,

v.

CENTRAL BANK OF BIRMINGHAM, Defendant-Appellee.

No. 82–7314.

United States Court of Appeals, Eleventh Circuit.

Oct. 21, 1983.

Patrick Patterson, UCLA School of Law, Los Angeles, Cal., Barry L. Goldstein, Washington, D.C., for plaintiff-appellant.

Mark L. Gross, Atty., William Bradford Reynolds, Jessica Dunsay Silver, Appellate Section, U.S. Dept. of Justice, Washington, D.C., for amicus U.S. Dept. of Justice.

Before JOHNSON and HENDERSON, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

Sharon D. Brooks appeals the order of the United States District Court for the Northern District of Alabama granting her attorney's motion to withdraw as counsel after he had been previously appointed pursuant to § 706(f)(1) of the Civil Rights Act of 1964 (Act). 42 U.S.C. § 2000e–5(f)(1) (1976).[1]

The facts and legal issues here are virtually identical to those in a prior case in the same district court. For that reason, reference to that case is necessary to a better understanding of this appeal. In 1979, nine individuals petitioned the district court for the appointment of counsel under this provision of the Act. Judge J. Foy Guin, Jr., the district judge assigned to the cases, denied their petitions, striking down § 2000e–5(f)(1) as violative of the thirteenth amendment's prohibition against involuntary servitude. *In re Nine Applications for Appointment of Counsel in Title VII Proceedings,* 475 F.Supp. 87 (N.D.Ala. 1979).

On appeal, the Fifth Circuit Court of Appeals vacated the decision, holding that the district judge lacked standing to raise the constitutional question *sua sponte,* and further that the court abused its discretion by reaching the constitutional validity of

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Title 42 U.S.C. § 2000e–5(f)(1) provides in pertinent part:

Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

the statutory provision in issue without first attempting to settle the problem in accordance with the guidelines established in *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir.1979).[2] *White v. United States Pipe & Foundry Co.,* 646 F.2d 203 (5th Cir. Unit B 1981).[3] Although the court of appeals remanded the case for reconsideration in light of *Caston,* the district court took no action at that time.

Meanwhile, in 1981, Sharon Brooks filed an application under § 2000e–5(f)(1) for the appointment of counsel to prosecute her Title VII grievance against Central Bank of Birmingham in the district court. Judge U.W. Clemon of the Northern District of Alabama granted her petition and appointed Henry Penick as her attorney on August 21, 1981.[4] The case was then transferred to Judge Guin. Shortly thereafter, on September 4, 1981, Penick filed a motion to withdraw as counsel for the appellant, citing the lack of sufficient merit in the case as the sole reason for his request. Judge Guin summarily denied the motion on October 2, 1981. However, eight months later, Judge Guin, perceiving that a motion to withdraw furnished the necessary vehicle to again confront the constitutional issue, granted Penick's motion, once more expressing his opinion that the thirteenth amendment proscribed the appointment of counsel in civil cases.

As in *White,* the two focal questions on this appeal are whether the district court had standing to raise the constitutional issue *sua sponte,* and, if so, whether he abused his discretion by not first resolving the appointment issue on nonconstitutional grounds.

The only difference between *White* and the case before us is one of form. In *White,* the court was concerned with an original application for appointment of counsel, while here we are dealing with the motion of an attorney to be relieved of his appointment. That distinction is insignificant in this context and thus *White* binds squarely on the present case.

■ In order to claim standing, a party must demonstrate that he has suffered injury in fact within the zone of interest sought to be protected by the challenged amendment or statute. *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 151, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). In *White,* the court of appeals "unhesitatingly conclude[d] that the district court itself lacks standing to assert whatever rights members of the federal bar might enjoy under the thirteenth amendment." 646 F.2d at 206 (footnote omitted). As the moving party, Penick was the only person clothed with the standing necessary to pursue a thirteenth amendment claim. Instead, he chose to base his motion to withdraw on his belief that Brooks' purported cause of action could not be sustained on its merits. Because the only party with standing failed to raise the thirteenth amendment claim, the constitutional validity of the statute was not properly before the court.

■ Even if Penick had asserted that the appointment infringed on his thirteenth amendment rights, the district court abused its discretion by failing to first attempt a resolution of the issue on nonconstitutional grounds. It is beyond dispute that where nonconstitutional reasons can furnish the

2. In *Caston,* the court of appeals enumerated three criteria for the district court's consideration in making the determination of whether to appoint counsel in Title VII cases: (1) the merits of the complaint, (2) the efforts of the plaintiff to obtain counsel and (3) the financial ability of the complainant to hire an attorney. 556 F.2d at 1309–10.

3. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

4. Judge Clemon's order appointing Penick recited that the application would be treated as a Title VII complaint "and deemed filed this date, but an amended complaint, complying with Fed.R.Civ.P. and suitable for service on the defendants named therein, shall be filed with the court within 30 days from the date hereof (unless extended by order of the court), failing which this cause shall be dismissed for want of prosecution." Record at 1. From our examination of the record, no amended complaint was ever filed by Penick.

basis for decision, the federal courts cannot avoid this means simply by looking directly to constitutional principles. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693, 702 (1981); *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 341, 56 S.Ct. 466, 480, 80 L.Ed. 688, 707 (1936) (Brandeis, J., concurring). The court of appeals explicitly pointed out in *White* that *Caston* established the factors for evaluating initial applications for appointment of counsel. Those guidelines apply similarly to the review of existing appointments of counsel. With this alternative method of disposition open, the district court clearly abused its discretion by assigning constitutional reasons for its decision.

We are mindful of the practical difficulties imposed on the district courts by the appointment provision of 42 U.S.C. § 2000e–5(f)(1). Of greater significance, however, is our uncompromising adherence to the rule of *stare decisis* and our binding obligation to follow the precedential decisions of this circuit. To date, the district court has not confronted the merits of Penick's motion to withdraw, much less conducted a hearing as mandated by *White.* In this stalemated posture, we have no alternative except to direct that the case be transferred to another district judge for a determination on the merits of the motion to withdraw.

Accordingly, the judgment of the district court is VACATED and the case REMANDED to the chief judge of the United States District Court for the Northern District of Alabama for the limited purpose of reassigning the case to a different judge to conduct proceedings consistent with this opinion.