**Elbert WELCH, Juanita Welch and Mae Brown, Plaintiffs,**

**Elbert Welch, Plaintiff-Appellant,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility and Ms. Mills, Chief of Mental Hygiene Department, Defendants-Appellees.**

**No. 655, Docket 86–2200.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 15, 1987.

Decided Jan. 27, 1987.

Elbert Welch, pro se.

Nancy Spiegel, Asst. Atty. Gen., N.Y. State Dept. of Law, Albany, N.Y. (Robert Abrams, Atty. Gen. of State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Wayne L. Benjamin, Asst. Atty. Gen., of counsel), for defendants-appellees.

Before KAUFMAN, TIMBERS and MINER, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

We decide today whether an order denying the appointment of counsel to enable a plaintiff to pursue a lawsuit under 42 U.S.C. § 1983 is appealable prior to a final judgment in the action.

Were this question before us as one of first impression, we would find it of considerable intricacy, in light of the weighty competing interests involved and the varying resolutions of our sister circuits. Since, however, we are convinced that the issue is no longer an open one for a panel in this circuit, although some doubt may linger because our cases on the subject have not been models of clarity, we add these few words.

### FACTS

Elbert Welch, a New York state prisoner, filed this civil rights action in 1979. His original claim was that various state officials had deprived him of access to his personal legal papers, but more recently his attention has focused on obtaining a "secret order" of the Appellate Division of the Supreme Court of the State of New York, which, he claims, reversed his state court conviction.

Welch filed a motion for the appointment of counsel, which was referred by the district court to United States Magistrate Edmund T. Maxwell. In a thorough opinion—which evaluated the apparent merits of the complaint, Welch's ability to make an adequate investigation of his claims and present them to the court, the complexity of the applicable law, and the general availability of volunteer counsel in the district— the Magistrate denied the motion. The district judge adopted that ruling, and, after a number of intermediate procedural steps not necessary to recount, Welch filed this appeal.

### DISCUSSION

Our first consideration of the issue presented here came in *Miller v. Pleasure*, 296 F.2d 283 (2d Cir.1961), *cert. denied*, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962) (*Miller I*). We there held that, while the question was a close one, we would resolve the doubt in favor of ruling that the denial of appointed counsel was appealable as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

On a later appeal of the same case, however, *Miller v. Pleasure*, 425 F.2d 1205 (2d Cir.), *cert. denied*, 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970) (*Miller II*), we expressly overruled *Miller I*, basing our decision on the mounting burdens on the courts of appeals and the absence of any direct precedent of the Supreme Court of the United States in favor of appealability.

This would leave the matter closed to any extended discussion, but for our opinion three years later in *U.S. v. Birrell*, 482 F.2d 890 (2d Cir.1973). There, in the course of deciding a quite distinct point, we erroneously referred to *Miller I* as stating the law. While our dictum in *Birrell* was certainly misleading, it in no way impeached the force of the holding in *Miller II*. And, indeed, our most recent review of

the law in a related area assumed without discussion that *Miller II* was the governing authority, *U.S. v. Harris*, 707 F.2d 653, 658 (2d Cir.), *cert. denied*, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983).

Today, we reaffirm explicitly that it is. No case in this circuit subsequent to *Miller II*, whether of a panel or of the *en banc* court, has held that orders such as the one here are appealable. In those circumstances, we think it plain that the law of this circuit is that an order denying a plaintiff the appointment of counsel to represent him in pursuing the merits of a suit under § 1983 may not be challenged separately by a direct appeal.

Since this case presents no question regarding the possible availability of other routes to review (such as by way of application for an extraordinary writ), or of the possible availability of direct review where the request for the assistance of counsel is made in conjunction with an order that is itself appealable (such as preliminary injunction), we leave exploration of those issues to another day.

Accordingly, Welch's attempted appeal is dismissed.