Justice White,
with whom Justice Blackmun joins,
dissenting.
The issue here is whether an order denying a civil rights plaintiff’s motion for appointment of counsel is immediately appeal-able under 28 U. S. C. § 1291, as interpreted by Cohen v. Beneficial Industrial Loan Co., 337 U. S. 541 (1949), and its progeny. In both of these cases petitioners brought their actions under 42 U. S. C. § 1983, and sought appointment of counsel under 28 U. S. C. § 1915(d). The District Courts denied those motions and petitioners appealed. In Welch v. Smith, although stating that if the question were before the court “as one of first impression, we would find it of considerable intricacy, in light of the weighty competing interests involved and the varying resolutions of our sister *904 circuits,” 810 F. 2d 40, 41 (1987), a panel of the Second Circuit held that the denial was not immediately appealable under its earlier decision in Miller v. Pleasure, 425 F. 2d 1205, cert. denied, 400 U. S. 880 (1970), which itself had overruled an even earlier decision concluding the opposite, Miller v. Pleasure, 296 F. 2d 283 (1961), cert. denied, 370 U. S. 964 (1962). The position of the Second and Fourth Circuits, which is consistent with that of a number of the Circuits, conflicts with the position of two other Circuits. Jackson v. Dallas Police Dept., 811 F. 2d 260 (CA5 1986) (per curiam); Slaughter v. Maplewood, 731 F. 2d 587 (CA8 1984). The confusion in this area is further exemplified by the Ninth Circuit’s position that civil rights plaintiffs proceeding under Title VII of the Civil Rights Act of 1964 may immediately appeal a denial of their motion for appointment of counsel, while those proceeding under § 1983 may not. Compare Wilborn v. Escalderon, 789 F. 2d 1328 (1986), with Bradshaw v. Zoological Society of San Diego, 662 F. 2d 1301 (1981). I have previously dissented from denial of certiorari in a case raising this question in the context of suits filed under Title VII and § 1983, Henry v. Detroit Manpower Dept., 474 U. S. 1036 (1985). The continued split amongst the Circuits on this issue warrants our granting certiorari.