**Earl Jason LARISCEY, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**Appeal No. 88–1322.**

United States Court of Appeals, Federal Circuit.

Nov. 23, 1988.

Earl Jason Lariscey, Bastrop, Tex., pro se.

Vito J. DiPietro, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen. and Jeffry H. Nelson. Also on the brief was Chun–I Chiang, Dept. of Justice, of counsel.

Before FRIEDMAN, NEWMAN and ARCHER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Earl Jason Lariscey, appearing *pro se*, appeals the decision of the United States Claims Court[1] denying his motion for appointment of counsel to assist him in actions before the Claims Court and in patent application proceedings before the United States Patent and Trademark Office. The Claims Court held that it did not have the authority to appoint counsel. The focus of this appeal is Mr. Lariscey's request that the Federal Circuit exercise its authority under 28 U.S.C. § 1915(d) and appoint said counsel. We deny his request that we appoint counsel and affirm the Claims Court's refusal to do so.

**1.** *Lariscey v. United States*, No. 587–87C (Cl.Ct. Mar. 14, 1988) (order denying motion for appointment of counsel).

## Background

Mr. Lariscey is an inmate at the Federal Correctional Institution at Bastrop, Texas. He states, without significant contradiction, that he developed a jig and cutting process now being used at the prison shop to cut Kevlar used in the manufacture of helmets, to certain advantage and cost savings to the government. He states that he has not been compensated for the government's use of his process.

Mr. Lariscey, acting *pro se*, filed suit in the Claims Court asking that a patent attorney be assigned to prosecute a patent application for him, that the government be enjoined from using his inventions, and that his prison supervisors be enjoined from harassing him. The Claims Court dismissed the complaint as not within its jurisdiction, but allowed him to file an amended complaint asserting claims for violation of the Fifth Amendment's taking clause and for breach of implied-in-fact contract.

The Claims Court also denied without prejudice Mr. Lariscey's motion, made under 28 U.S.C. § 1915(d), for the assignment of counsel, and referred the matter to the Clerk of the Claims Court who advised Mr. Lariscey to contact the *Pro Se* Subcommittee of the Claims Court Committee of the Bar Association of the District of Columbia. Mr. Lariscey states that no one has been willing to represent him *pro bono*. He also states that he has been harrassed by prison officials for filing this suit, that various legal materials and his drawings of the jig process were destroyed by persons at the prison, and that he needs legal assistance in protecting his rights and interests.

## Appealability

The government argues as a threshold matter that the Claims Court's order is not appealable at this time because it is neither a final decision, 28 U.S.C. § 1295(a)(3) (1982), nor a certified question, 28 U.S.C. § 1292(d)(2) (1982).

There is a split among the regional circuits as to whether the denial of a request for court-appointed counsel in civil actions is immediately appealable under the "collateral order" exception to the final decision requirement of § 1295(a)(3). *See Welch v. Smith,* —— U.S. ——, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987) (White, J., dissenting from denial of petition for writ of certiorari to consider this issue). Three circuits (the Fifth, Eighth, and Eleventh) have held for immediate appealability of the issue of appointment of counsel. *See, e.g., Robbins v. Maggio,* 750 F.2d 405, 413 (5th Cir.1985); *Slaughter v. City of Maplewood,* 731 F.2d 587, 588 (8th Cir.1984); *Brooks v. Central Bank of Birmingham,* 717 F.2d 1340 (11th Cir.1983). Eight circuits have held against, at least in routine civil litigation (the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Tenth), although in some types of actions a broader view has been taken, *see, e.g., Bradshaw v. Zoological Soc'y of San Diego,* 662 F.2d 1301, 1305 (9th Cir. 1981) (denial of appointment of counsel in Title VII case immediately appealable); *Rincon Band of Mission Indians v. Escondido Mut. Water Co.,* 459 F.2d 1082, 1083–84 (9th Cir.1972) (order denying Indians appointment of counsel under 25 U.S.C. § 175 immediately appealable as "final decision" under 28 U.S.C. § 1291). Neither the District of Columbia Circuit nor this circuit has ruled on the question.

Although this court and the Claims Court are not bound by the regional circuits' precedent in this matter, we take note that immediate appeal of this most critical underpinning of practical justice will itself serve the interest of justice. In *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Court recognized an exception to the final decision rule for "that small class which finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225–26. The test set out in *Cohen* and supplemented in *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), details the factors to consider to determine whether the collateral order exception should apply to a particular prejudgment order. To fit the exception, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458; *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* —— U.S. ——, 108 S.Ct. 1133, 1136–37, 99 L.Ed.2d 296 (1988); *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985). Analysis shows that an order denying a motion for appointment of counsel under 28 U.S.C. § 1915(d) satisfies these three conditions.

The first condition is that the order "conclusively determine the disputed question." The Claims Court told Mr. Lariscey that it will not and can not appoint counsel. There was no equivocation, no aspect awaiting further exploration at trial. The disputed question was conclusively answered, and the answer would, by its nature, govern all further proceedings.

The second factor to be considered is the separability of the substance of the order from the merits of the action.

The basic purpose of the separability requirement is to permit review of important determinations that are truly collateral, i.e., where interlocutory review will not result in unwarranted interference by appellate courts in determinations properly reserved to the district court until completion of the trial, determinations affecting the merits of the cause of action itself.

*Bradshaw,* 662 F.2d at 1307. In *Cohen,* the Court cautioned that the collateral order exception should not apply to decisions that are "steps" toward final judgment on the merits. 337 U.S. at 546. Here, a determination of whether Mr. Lariscey is entitled to appointed counsel may affect his ability to pursue his claims successfully, but does not "enmesh" us "in the factual and legal issues comprising the plaintiff's

cause of action." *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. at 2458.

It is of course necessary to look at the type and complexity of the claims, in evaluating the request for appointed counsel; but unlike the situation in *Coopers & Lybrand,* 437 U.S. at 469 n. 12, 98 S.Ct. at 2458 n. 12, in Mr. Lariscey's case it is not necessary to resolve any issue on its merits in order to consider the question of appointment of counsel. Of similar purpose is the Supreme Court's holding, in *Roberts v. United States District Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (per curiam), holding that the denial of leave to proceed *in forma pauperis* is appealable under 28 U.S.C. § 1291 and *Cohen.* The Ninth Circuit in *Bradshaw,* 662 F.2d at 1308, drew an analogy between the appointment of counsel decision and the *in forma pauperis* determination, holding that neither constitutes a "step toward final *disposition of the merits* of the case", quoting *Cohen,* (emphasis in original).

The third condition of immediate appealability is that the rights asserted can not be adequately protected on appeal from the final judgment. If Mr. Lariscey is indeed entitled to counsel, he needs such counsel now, not after the proceedings have been completed without the aid of counsel. At best, the entire proceeding in the absence of counsel would be declared a nullity: not an efficient use of either personal or judicial resources. Moreover, it is far from clear that once the merits had been decided, the absence of counsel would so readily be held harmful. If the petitioner's cause appears, on its face, to have been reasonably presented, the appellate court may never know whether a different or better case could have been presented that would have turned the tide in the indigent litigant's favor. "We consider it evident that the effectiveness of appellate review will be seriously impaired by the very *nature of the order* [denying counsel]". *Bradshaw,* 662 F.2d at 1310 (emphasis in original).

Since the order satisfies all three *Cohen* factors, we hold that denial of the request for appointment of counsel under § 1915(d)

is immediately reviewable on appeal. We observe that the Claims Court stayed its proceedings while Mr. Lariscey brought this appeal—suggesting that the Claims Court also recognized the desirability of resolution of this issue before, not after, trial of the merits.

### Discussion

 The right of indigents to counsel in criminal matters in the federal courts is guaranteed by the Sixth Amendment. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); 18 U.S.C. § 3006A (1982 & Supp.1988); Fed.R. Crim.P. 44. In civil proceedings, however, the right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances. For example, the Supreme Court has held that procedural due process may require appointment of counsel for indigent parents in child custody termination proceedings. *Lassiter v. Department of Social Servs.,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). The *Lassiter* court held that the determination requires evaluation of the three elements set in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976) for deciding what due process requires, "viz., the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions." *Lassiter,* 452 U.S. at 27, 31, 101 S.Ct. at 2159, 2162. The Court stated the strong presumption that a right to appointed counsel exists only when the indigent may lose his/her personal freedom if the action is lost, *id.* at 26–27, 101 S.Ct. at 2159–60, and applied the *Eldridge* factors to determine whether the Due Process Clause required the appointment of counsel in the case of this particular indigent parent.

Beyond this narrow framework, the Supreme Court has not recognized a constitutional right to appointed counsel in civil matters. Congress has provided by statute for mandatory or discretionary appointment of counsel in specified situations, not here apt. *See, e.g.,* 25 U.S.C. § 1912(b) (1982); 42 U.S.C. § 1971(f) (1982); 18 U.S. C. § 3006A(a)(2)(B); 42 U.S.C. § 2000e–5(f)

(1982). Exercise of § 1915(d) authority is discretionary. *See, e.g., Maclin v. Freake,* 650 F.2d 885, 886 (7th Cir.1981).

We consider Mr. Lariscey's request for appointed counsel with respect only to his asserted monetary claim against the government for violation of the Fifth Amendment taking clause and breach of an implied-in-fact contract, and his request for assistance in filing a patent application. The issues originally raised by Mr. Lariscey, including asserted harassment and abuse, were correctly dismissed as not within the Claims Court's jurisdiction.

In a civil case involving property claims but not raising liberty interests or meeting the strict requirements of the *Mathews v. Eldridge* analysis as exemplified in *Lassiter, supra,* there is no precedential authority for the appointment of counsel for the purposes and under the circumstances presented by Mr. Lariscey. Accordingly, the request that we appoint counsel to represent Mr. Lariscey before the Claims Court and the Patent and Trademark Office is denied. *Accord Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir.1986) (requiring "exceptional circumstances" before appointment of counsel will be made); *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980) (same); *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975) (same); *but see Hahn v. McLey,* 737 F.2d 771, 774 (8th Cir.1984) (when prisoner presents colorable claim, court should appoint counsel if requested).

The Claims Court held that it had neither the authority to appoint counsel for Mr. Lariscey nor any procedure by which to do so. The Claims Court is not a "court of the United States" in terms of 28 U.S.C. § 1915. It was, however, formed to continue a function previously part of an Article III court. Because of this unique provenance, and the importance of the question, we do not today decide whether the Claims Court has the power to appoint counsel under any circumstance. We conclude only that the appropriate circumstance has not been shown in this case. Thus we need not consider the pertinence of the All Writs Act, 28 U.S.C. § 1651, or other arguments of the parties.

*Costs*

Each side shall bear its costs.

DENIED AND AFFIRMED.

ARCHER, Circuit Judge, concurring in result.

Mr. Lariscey appeals the order of the United States Claims Court refusing to appoint an attorney to represent him before that court and before the United States Patent and Trademark Office. The majority decides that the denial of a request for court-appointed counsel in a civil action is immediately appealable. I respectfully disagree.

Initially I note that when a procedural issue relates to the Federal Circuit's jurisdiction, the court will apply its own precedent and not regional circuit precedent. *Sun–Tek Indus., Inc. v. Kennedy Sky Lites, Inc.,* 856 F.2d 173, 175–76, 8 USPQ2d 1154, 1156 (Fed.Cir.1988); *Woodard v. Sage Prods., Inc.,* 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (*in banc*). Precedent from other courts of appeal, such as the cases cited by the majority, is not binding. Moreover, the cited cases represent only the minority view of the regional circuits.

I would hold that the denial of a request for court-appointed counsel in a civil action is not immediately appealable. It is neither a final judgment, as required by 28 U.S.C. § 1295(a)(3) (1982), nor a certified question, as permitted in 28 U.S.C. § 1292(d)(2) (1982). Thus, the only possible jurisdictional basis for the appeal is the "collateral order" exception to the final judgment rule. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Although the particular circumstances relative to this question have not been passed on by this court, eight of the regional circuits have held that the denial of a request for court-appointed counsel pursuant to 28 U.S.C. § 1915(d) (1982) is not immediately reviewable. *Appleby v. Meachum,* 696 F.2d 145, 146–47 (1st Cir.1983); *Welch v. Smith,* 810

F.2d 40 (2d Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987); *Miller v. Pleasure,* 425 F.2d 1205, 1205–06 (2d Cir.), *cert. denied,* 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970); *Smith–Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir. 1984); *Miller v. Simmons,* 814 F.2d 962, 967 (4th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987); *Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 764 (6th Cir.) (*en banc*), *cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064, 1066–67 (7th Cir.1981); *Wilborn v. Escalderon,* 789 F.2d 1328, 1330 (9th Cir.1986); *Cotner v. Mason,* 657 F.2d 1390, 1392 (10th Cir.1981).

The majority opinion correctly notes that to fit the collateral order exception "[t]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

The last of the three requirements is not met here. In *Firestone* the Court explained that a decision is only effectively unreviewable on appeal "where denial of immediate review would render impossible any review whatsoever." *Firestone,* 449 U.S. at 376, 101 S.Ct. at 675 (quoting *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)). The "exception is a 'narrow' one whose reach is limited to trial court orders affecting rights that will be 'irretrievably lost' in the absence of an immediate appeal." *Jeannette Sheet Glass Corp. v. United States,* 803 F.2d 1576, 1581 (Fed.Cir.1986) (quoting *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985)). While the majority's statement that "[i]f Mr. Lariscey is indeed entitled to counsel, he needs such counsel now" has superficial appeal, I am persuaded that "a pro se litigant who has the ability to perfect an immediate appeal upon denial of appointment of counsel ...

would be equally able to raise denial of appointment of counsel should he be unsuccessful on the merits and take a final appeal in the matter." *Miller,* 814 F.2d at 967. Accordingly, an order denying appointment of counsel is in my view not reviewable by interlocutory appeal, but remains available for review on appeal from the final judgment. The majority ignores Supreme Court precedent and precedent of this court by failing to explain how denying immediate review would "render impossible any review whatsoever," *Firestone,* 499 U.S. at 376, 101 S.Ct. at 675, or by pointing to any rights which would be "irretrievably lost," *Richardson–Merrell, Inc.,* 472 U.S. at 431, 105 S.Ct. at 2761, by denying immediate review.

Even if appeal is proper, I would affirm the order of the Claims Court because it is without authority to appoint counsel. To the extent Mr. Lariscey's appeal can be construed to be a request of this court to appoint counsel for him in a proceeding before the Claims Court or the Patent Office, I concur with the majority but on different grounds.

In "Proceedings in forma pauperis" under 28 U.S.C. § 1915 (1982), subparagraph (d) provides that "[t]he court may request an attorney to represent any such [indigent] person." The court referred to is "[a]ny court of the United States." *See* 28 U.S.C. § 1915(a). The Claims Court, however, is an Article I court, 28 U.S.C. § 171(a) (1982), and not a court of the United States. 28 U.S.C. § 451 (1982); *Essex Electro Eng'rs, Inc. v. United States,* 757 F.2d 247, 251 n. 1 (Fed.Cir.1985); 28 U.S.C. § 172(a) (1982). It is therefore not covered by section 1915(d) and cannot under that section appoint counsel for indigents.

Further, I do not believe the Federal Circuit has authority to appoint counsel for proceedings in the Claims Court under section 1915. The express words of subparagraph 1915(a) are that "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal *therein.*" (Emphasis added.) The word "therein" seems clearly to mean "in that court" and not in some other court. Subparagraph (d) of section 1915 providing

that the "court may request an attorney to represent any such [indigent] person" must be construed to refer to the "suit * * * therein." While this court has authority to appoint counsel for its own proceedings under 28 U.S.C. § 1915(d), we cannot under that provision appoint counsel for proceedings before the Claims Court as the majority opinion intimates might be possible in "the appropriate circumstance."

Consistent with this view, the appellate courts do not appoint counsel for proceedings in the trial court; rather they direct the trial court to do so. *See, e.g., Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (remanding the case to the district court to appoint counsel); *Smith v. Ferrell*, 429 F.2d 10 (3rd Cir.1970) (vacating and remanding with instructions to appoint counsel); *Shields v. Jackson*, 570 F.2d 284 (8th Cir.1978) (reversing the trial court's judgment and remanding the case with directions for the appointment of counsel); *Manning v. Lockhart*, 623 F.2d 536 (8th Cir.1980) (reversing the dismissal of the case and remanding with instructions that counsel be appointed); *White v. Walsh*, 649 F.2d 560 (8th Cir.1981) (same). It would, of course, be inappropriate for this court to direct the Claims Court to appoint counsel for, as noted, the Claims Court does not have statutory authority to do so.