878 F.2d 1443
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
UNITED STATES of America, Plaintiff-Appellee,
v.
DAEWOO INTERNATIONAL (AMERICA) CORPORATION and Daewoo
Corporation, Defendants-Appellants.
 No. 89-1238.
 United States Court of Appeals, Federal Circuit.
 March 21, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss the appeal of Daewoo International (America) Corporation and Daewoo Corporation (Daewoo). Daewoo opposes the motion.
 
 
 2
 This matter stems from a suit brought by the United States in the Court of International Trade alleging that Daewoo filed materially false and fradulent statements with the Customs Service. During the pretrial proceedings, the United States moved to strike certain of Daewoo's affirmative defenses and opposed Daewoo's motion to amend its answer to assert an additional affirmative defense and counterclaim. On September 29, December 9, and December 12, 1988, the trial court issued orders granting the United States' motion to strike Daewoo's first affirmative defense, granting the United States' motion to strike Daewoo's fifth affirmative defense, and denying Daewoo's motion to amend.
 
 
 3
 Daewoo noticed this appeal from the interlocutory orders and, in the alternative, petitioned for writ of mandamus. On February 15, 1989, this court denied Daewoo's mandamus petition and, sua sponte, directed the parties to brief the issue of whether Daewoo's appeal should be dismissed.
 
 
 4
 In its brief, Daewoo argues that the interlocutory orders are appealable pursuant to the Cohen exception to the finality rule. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Three requirements must be met in order to appeal from an interlocutory order under this exception: (1) the order must conclusively determine the disputed question, (2) the order must resolve an important issue completely separate from the merits of the action, and (3) the order must be effectively unreviewable on appeal from final judgment. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1135-37 (1988).
 
 
 5
 The exception is a narrow one whose reach is limited to trial court orders affecting rights that will be "irretrievably lost" in the absence of an immediate appeal. Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431 (1985). The possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress. Koller, 472 U.S. at 436. Here, the third requirement is not met. These orders may be as effectively reviewed on appeal after final judgment as on interlocutory appeal. See Koller, 472 U.S. at 438. Hence, the Cohen exception is not applicable to this case.*
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 The United States' motion to dismiss is granted.
 
 
 
 *
 Daewoo argues that Lariscey v. United States, 861 F.2d 1267 (Fed.Cir.1988) supports its position that the Cohen exception applies. However, Lariscey dealt with the issue of whether the denial of a request for court-appointed counsel was immediately appealable. The facts in that case are such that Lariscey is distinguishable