960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William E. O'BRIEN, Appellant,
v.
The UNITED STATES, Appellee.
 No. 91-5148.
 United States Court of Appeals, Federal Circuit.
 March 12, 1992.
 
 Before ARCHER, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 William E. O'Brien (O'Brien) appeals the decision of the Claims Court, No. 91-953L (July 19, 1991), dismissing his claim for lack of subject matter jurisdiction and for failure to file his claim within the six year statute of limitations provided by the Tucker Act, 28 U.S.C. § 2501 (1988). We affirm.
 
 DISCUSSION
 
 2
 O'Brien seeks compensation from the federal government for an alleged Fifth Amendment taking of land. This land is located in Louisiana and was owned by O'Brien's great-grandfather during the early 1900's. It was somehow transferred to the tax roles of a neighboring town in 1912, and was sold by that neighboring town in 1914 for back taxes. O'Brien alleges that a Federal district court improperly failed to overturn this illegal tax sale in 1925. Finally, in 1952 the Army Corps of Engineers instituted condemnation proceedings in order to build a large waterway; in 1958 just compensation was awarded to the owners on record in the neighboring town. The condemnation went unchallenged by O'Brien and his kin.
 
 
 3
 O'Brien filed the case at bar on February 22, 1991. On June 25, 1991, the Claims Court requested detailed answers to eight questions in order to clarify the grounds upon which O'Brien's claim rested. The Claims Court subsequently held that O'Brien had provided "no viable theory for recovery" and dismissed the case.
 
 
 4
 The Claims Court correctly noted the limited nature of its jurisdiction. Under the Tucker Act, the plaintiff must allege a violation of a constitutional provision, statute, or federal regulation which mandates compensation for government conduct. 28 U.S.C. § 1491 (1988). Further, the violation must be the authorized work of a federal agent. Florida Rock Indus. Inc. v. United States, 791 F.2d 893, 898 (Fed.Cir.1986), cert. denied, 479 U.S. 1053 (1987). Finally, any claim under the Tucker Act must be filed within six years after that claim first accrues. 28 U.S.C. § 2501 (1988).
 
 
 5
 A claim accrues when "all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed.Cir.1988). Under our system of procedural rules, a plaintiff faced with a statute of limitations and an incomplete case may file a broad, generalized claim of legal entitlement and later flesh it out with facts unearthed during the court-supervised discovery process. See generally Fed.R.Civ.P. 8(a) and 26. Thus, any burden placed on O'Brien by the statute of limitations is mitigated.
 
 
 6
 Our review of the record convinces us that the Claims Court correctly found O'Brien's claims to be time-barred by the six year statute of limitations. O'Brien has not alleged that the Government has engaged in any activity for which liability attaches within the six years prior to February 22, 1991--the filing date of this suit. Absent the special circumstances discussed below, any claim based upon activities occurring prior to this time period is barred by the Statute of Limitations.
 
 
 7
 As for those "special circumstances," there are two; O'Brien has failed to prove that either applies. The "injury" (the taking) was not "inherently unknowable" as of the accrual date. Braude v. United States, 585 F.2d 1049, 1051 (Ct.Cl.1978). Nor has the Federal Government "concealed its acts with the result that plaintiff was unaware of their existence." Id. Indeed, it would be hard to imagine an injury less "inherently unknowable" or "concealable" than a physical occupation of land for the purpose of digging an 800 foot ditch.
 
 
 8
 O'Brien seeks to toll the statute of limitations by arguing that the Federal Government acted pursuant to a title rendered invalid by the unconstitutionality of the 1914 tax sale. He further argues that the courthouse of the neighboring town was "closed" to him and seeks to enter the "Claiborne affidavit" to prove this fact. However, neither of these allegations provides the level of active Federal deception required by our case law in order to toll the statute of limitations. See, e.g., Menominee Tribe of Indians v. United States, 726 F.2d 718, 721 (Fed.Cir.) cert. denied, 469 U.S. 826 (1984). Therefore, O'Brien's claims were correctly found to be time-barred.
 
 
 9
 Finally, O'Brien alleges that the Claims Court erred in "not assigning an attorney to put the complaint in a form that is acceptable." Appellant's Brief at 5. If the Claims Court does have such power to appoint attorneys, c.f. Lariscey v. United States, 861 F.2d 1267, 1271 (Fed.Cir.1988), its decision is discretionary and would be reversed only upon a demonstrable abuse of discretion. This case presented the Claims Court with a straightforward application of the statute of limitations; denial of an attorney in such a case constituted no such abuse.
 
 
 10
 In conclusion, we hold that the Claims Court carefully fleshed out O'Brien's claim and correctly ruled that it was groundless. Therefore, we affirm.