74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David D. OLSEN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3589.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1996.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 David D. Olsen petitions for review of the decision of the Merit Systems Protection Board, Docket No. DE0351950052-I-1, dismissing his appeal for lack of jurisdiction. We affirm the decision of the Board.
 
 DISCUSSION
 
 2
 Mr. Olsen was a civilian employee of the Department of the Air Force, working as a sheet metal mechanic, when he was injured in a hunting accident in 1985. The accident left him legally blind, and the Air Force determined that he was unable to perform the duties of his position. Mr. Olsen was offered and accepted the lower grade position of supply clerk. After he experienced further difficulty he was offered and accepted the lower grade position of laborer. He retained pay at his former mechanic's level. In 1994 the agency underwent a reduction in force (RIF) which eliminated his laborer's position, and Mr. Olsen was separated from employment.
 
 
 3
 Mr. Olsen appealed the separation to the MSPB. Although he did not allege that the RIF had been motivated by discrimination, Mr. Olsen claimed that his reassignments to supply clerk and laborer had been based on discrimination against him because of his handicap, and were otherwise improper. In a telephone conference the Administrative Judge observed that he could not adjudicate the propriety of the reassignments, the last of which occurred in 1988.
 
 
 4
 The AJ also observed that Mr. Olsen had not alleged any impropriety in the conduct of the RIF itself, and rescheduled the hearing in order to afford Mr. Olsen an opportunity to make such allegations. Mr. Olsen then again challenged his reassignments, and complained that the agency had not provided training or other assistance in obtaining a higher level position. He also explained that he did not allege discrimination at the time the reassignments were made for fear of losing his job altogether.
 
 
 5
 In the Initial Opinion, the AJ observed that Mr. Olsen was covered by a collective bargaining agreement, the grievance procedure of which provides the only means for challenging a RIF on grounds other than discrimination. See 5 U.S.C. Sec. 7121(d). The AJ noted that Mr. Olsen had not alleged discrimination in the conduct of the RIF, and on this basis dismissed the appeal for lack of jurisdiction. The full Board declined review.
 
 
 6
 We do not decide whether Mr. Olsen is correct in his contention that had he not accepted lower grade positions after his accident he might not have lost his job as a result of the RIF, for he did not complain about those actions at the time they were taken or within any reasonable time thereafter. The RIF six years later can not be viewed as foreseeably or causally related to those earlier actions. Since Mr. Olsen has not alleged discrimination in connection with the RIF, the dismissal of his complaint for lack of jurisdiction must be affirmed.
 
 
 7
 Mr. Olsen, appealing pro se, also requests that the court appoint an attorney to assist him in this petition. This court is unable to appoint attorneys for civil litigation absent exceptional circumstances, not here present. See Volk v. Hobson, 866 F.2d 1398, 1404 (Fed.Cir.1989); Lariscey v. United States, 861 F.2d 1267, 1270 (Fed.Cir.1988).