NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NEAPOLEON JWAN FREEMAN, SR.,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5023

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00327-EJD, Judge Edward J. Damich.

---

Decided: August 6, 2014

---

NEAPOLEON JWAN FREEMAN, SR., of Haynesville, Virginia, pro se.

NATHANAEL B. YALE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

PER CURIAM.

Neapoleon Jwan Freeman, Sr. ("Freeman") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *See Freeman v. United States*, No. 13-327-C (Fed. Cl. Sept. 19, 2013) ("*Order*"). Because the Claims Court did not err in dismissing Freeman's complaint, we *affirm*.

## BACKGROUND

Freeman is a prisoner at a Virginia state correctional facility. On May 8, 2013, he filed a complaint against the United States in the Claims Court. The court noted that the complaint was "largely incomprehensible." *Order* at 1. Upon a liberal reading, the court construed it as "asserting claims of unjust conviction and false imprisonment." *Id.* Freeman did not request monetary damages, but generally alleged neglect or kidnapping by the government. *Id.* at 3. Freeman also stated that: "Need Legal repersentation [sic] In Forma pauperis." *Id.* at 1. The United States moved to dismiss for lack of jurisdiction. The court granted the motion and dismissed Freeman's complaint after concluding that his claims were beyond the jurisdiction of the Claims Court. *Id.* at 3–4.

Freeman appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision to dismiss for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and "the leniency afforded *pro se* litigants with respect to mere formalities

does not relieve them of jurisdictional requirements," *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Freeman alleges that the Claims Court erred in "not even hav[ing his] case heard, no investigation." Appellant's Br. 1. He alleges "Assistance of Counselor Amendment VI and Subpoenas of witness and evidence; Amendment V & Amendment VI" as additional errors without further explanation. *Id.* The government responds that the Claims Court addressed each statutory and constitutional basis that Freeman appeared to or could possibly assert for subject matter jurisdiction and that the court correctly concluded that it lacked jurisdiction over Freeman's complaint. The government also contends that Freeman fails to identify how the Claims Court specifically erred in dismissing his complaint.

We agree with the government that the Claims Court lacked jurisdiction. The Claims Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). Here, the Claims Court properly determined that none of Freeman's claims were tied to money-mandating statutes or provisions of law or any contract with the United States, thus providing the Claims Court with no jurisdiction over his claims.

Freeman appeared to generally assert claims of unjust conviction and false imprisonment in his complaint. The Claims Court does have jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and

imprisoned." 28 U.S.C. § 1495. However, in order to state a claim for relief under § 1495, a claimant must allege that he satisfies the requirements of 28 U.S.C. § 2513, which provides in relevant part that the claimant "must allege and prove that . . . [h]is conviction has been reversed or set aside . . . ." *Id.* § 2513(a). To satisfy that requirement, a certificate of innocence from the court that ordered such a reversal or a presidential pardon must be presented; other evidence of innocence cannot be accepted by the Claims Court. *Id.* § 2513(b). Here, the Claims Court found that Freeman failed to submit such a court-issued certificate of innocence or to otherwise allege that the requirements of § 2513 had been met. We do not see any error in the Claims Court's determination.

To the extent that Freeman attempted to assert any tort claim based upon his allegations of "neglect" and "kidnapping" by the United States, the Claims Court was correct in finding that it does not have jurisdiction over those claims. *Order* at 3. In order to come within the jurisdictional reach of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). "It is well settled that the [Claims Court] lacks . . . jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Moreover, to the extent that Freeman's complaint was seeking assistance of counsel, the Claims Court properly denied such a request. As we have observed, the right to counsel is "highly circumscribed" in civil proceedings. *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26–27 (1981) and noting that the Court had "stated the strong presumption that a right to appointed counsel exists only when the indigent may lose his/her personal freedom if the action is lost").

We have considered Freeman's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Claims Court is *affirmed*.

**AFFIRMED**

Costs

No costs.