NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BASAVARAJ HOOLI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-2160

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00879-RAH, Judge Richard A. Hertling.

---

Decided:  September 10, 2024

---

BASAVARAJ HOOLI, Baltimore, MD, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before LOURIE, LINN, and STOLL, *Circuit Judges*.

PER CURIAM

Basavaraj Hooli ("Hooli") appeals the final order of the Court of Federal Claims dismissing his action for lack of subject matter jurisdiction and failure to state a claim. *Hooli v. United States*, No. 23-879C, 2023 WL 4348838, at *1 (Fed. Cl. July 5, 2023). For the reasons below, we affirm.

## BACKGROUND

Hooli filed suit against the United States in the Court of Federal Claims, alleging that he was entitled to, but did not receive, a five-percent commission related to the supply of protective gloves and respirator masks to the Department of Defense. Supp. App'x 5–7.[1] Hooli alleged that he worked on behalf of a private company, Florida Beautiful Florida ("FBF"), to supply a third party with gloves and masks, which were later sold by a company other than FBF to the Department of Defense. *Hooli*, 2023 WL 4348838, at *2; Supp. App'x 5–6. Hooli also alleged that his commission was paid to a former police officer, App'x 18,[2] who threatened Hooli's life. Supp. App'x 5–6.

The Court of Federal Claims dismissed Hooli's complaint for lack of subject matter jurisdiction on the ground that Hooli did not plausibly allege that a contract existed between the United States and himself. *Hooli*, 2023 WL 4348838, at *2. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Hooli argues that the trial court did not receive correct information regarding his claim because he does not know

---

[1] "Supp. App'x" refers to the appendix the United States filed concurrently with its informal brief.

[2] "App'x" refers to Hooli's corrected appendix, filed concurrently with Hooli's corrected informal brief, beginning at ECF No. 11, at 8.

how to present his case and needs an attorney. Hooli further argues that the trial court failed to consider one of his grounds for relief: a former police officer threatened his life and took his property. We address each argument in turn.

1

While Hooli contends that the Court of Federal Claims did not receive the correct information, it was his burden to provide accurate information establishing the court's jurisdiction. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) ("[P]laintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence."). He failed to carry that burden. Hooli never alleged that he had a contract with the United States. Supp. App'x 5–7. Hooli's multiple exhibits fail to show any contractual agreement with the United States. For example, Hooli references a letter authorizing him to introduce FBF and discuss its goods and services. Supp. App'x 8. But this letter does not suggest that Hooli or FBF contracted with the United States. Hooli also attached two letters of intent addressed to the 3M Company, offering to purchase N95 masks; neither of these letters mention Hooli, FBF, or a contract with the Department of Defense. *See* Supp. App'x 9–12. When reviewing a dismissal for lack of jurisdiction, we take as true all plausible factual allegations and draw all reasonable inferences in the plaintiff's favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Even when drawing every reasonable inference in Hooli's favor, these non-binding communications between private companies do not plausibly support the conclusion that a contract existed between Hooli and the United States.

For the first time on appeal, Hooli requests court-appointed counsel to develop his case. Because Hooli's claim to recover his missing commission invokes a mere property interest, Hooli would not have been entitled to court-appointed counsel as a matter of right. *See Lariscey v. U.S.*,

861 F.2d 1267, 1270 (Fed. Cir. 1988) ("In a civil case involving property claims but not raising liberty interests or meeting the strict requirements of the *Mathews v. Eldridge* analysis . . . there is no precedential authority for the appointment of counsel."). To the extent that Hooli invokes his lack of representation as a basis for vacating the dismissal of his claims, this argument is raised too late. *See Fresenius USA, Inc v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court . . . we may deem that argument waived on appeal.").

2

Hooli's allegations of misconduct by a former police officer do not provide an independent basis for jurisdiction as the Court of Federal Claims lacks jurisdiction over claims sounding in tort or against defendants other than the United States. *See* 28 U.S.C. § 1491(a)(1). While Hooli's suit names the United States as the defendant, Hooli does not allege that the United States is responsible for the former police officer's misconduct. *See* Supp. App'x 5–7. Even if Hooli could plausibly make such allegations, his claim would sound in tort and the Court of Federal Claims would lack jurisdiction. *See* 28 U.S.C. § 1491(a)(1).

We conclude that Hooli has failed to identify any error that warrants overturning the dismissal of his complaint.

CONCLUSION

We have considered Hooli's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

Each party shall bear its own costs.