James Henry MILLER, Appellant,

and

Ollie J. Miller, Plaintiff,

v.

R.D. SIMMONS, Detective; and R.W. Leary, Sheriff and his Deputy Sheriff Jailers in/for Durham, NC, Appellees.

No. 85–6664.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 14, 1986.

Decided March 26, 1987.

John J. Butler (Sanford, Adams, McCullough & Beard, Raleigh, N.C., on brief) for appellant.

William McBlief (Guy F. Driver, Jr., Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., Brenda M. Foreman, Faison, Brown, Fletcher and Brough, Chapel Hill, N.C., on brief) for appellees.

Before PHILLIPS and CHAPMAN, Circuit Judges, and MAXWELL, United States District Judge for the Northern District of West Virginia, sitting by designation.

MAXWELL, District Judge, sitting by designation.

In this civil rights action, filed pursuant to 42 U.S.C. § 1983[1] on November 28, 1984, Plaintiffs allege that Defendants were deliberately indifferent to a serious medical need of Plaintiff, James H. Miller, [Miller] while he was incarcerated in the Durham County, North Carolina jail, October 3–19, 1984, inclusively.

On July 15, 1985 Miller filed his motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d)[2] and 18 U.S.C. § 3006A(g).[3] On August 29, 1985 the United States Magistrate denied Miller's motion. Miller then filed notice that he intended to appeal the magistrate's denial of his motion for court-appointed counsel. By Order entered December 27, 1985 the district court found that an interlocutory appeal would be frivolous and not taken in good faith, and denied Miller's request to proceed with his appeal *in forma pauperis.* Because the immediate appealability of orders denying appointment of counsel in civil cases is an undecided issue in this Circuit,[4] this matter was scheduled for briefing and oral argument.

---

1. 42 U.S.C. § 1983 provides in pertinent part:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 28 U.S.C. § 1915(d) provides as follows:

   The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

3. While 18 U.S.C. § 3006A(g) provides for appointment of attorneys for persons who are subject to revocation of parole, in custody as a material witness, or seeking federal habeas corpus relief, that section contains no provision for appointment of counsel presented under 42 U.S.C. § 1983.

4. Six Circuits have held that such orders are not immediately appealable: *Henry v. City of Detroit Manpower Department,* 763 F.2d 757 (6th Cir.) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985), *vacating Henry v. City of Detroit Manpower Department,* 739 F.2d 1109 (6th Cir.1984); *Smith-Bey v. Petsock,* 741 F.2d 22 (3d Cir.1984); *Appleby v. Meachum,* 696 F.2d 145 (1st Cir.1983); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981), *overruling Jones v. WFYR Radio/RKO General,*

Orders denying motions for appointment of counsel are not, prior to final disposition of the case in the district court, "final decisions" of district courts as contemplated by 28 U.S.C. § 1291. Moreover, it is the view of this court that these orders are not within the parameters of the narrow exception to § 1291, articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and amplified by its progeny.[5] Accordingly, the instant appeal is dismissed for lack of jurisdiction.

## I.

James H. Miller, a sixty-nine year old Caucasian male with a history of heart problems, was arrested on October 2, 1984 by Durham City Police Detective R.D. Simmons and transported to the Durham County Jail in Durham, North Carolina. At the time of Miller's incarceration his medication was inventoried and then administered to him by jailers at that facility on a daily basis beginning on the day after his arrest. Miller has alleged that on the day he was brought to the Durham County jail he suffered chest pains and that he requested to see a doctor. He has also alleged that he requested medication, but that these requests were denied.

Miller has alleged that he spent twelve days in the Durham County jail before a physician came to see him; that the physician determined that he needed additional medication; and, that four days later he was transferred to the Central Prison Hospital where his previous drug intake was diagnosed as excessive.

Miller subsequently brought this action pursuant to 42 U.S.C. § 1983 against Detective Simmons, Durham County Sheriff R.W. Leary, and the Deputy Sheriff Jailers for Durham County, North Carolina, alleging that they were deliberately indifferent to his medical needs.

## II.

■ In this appeal we are presented with two questions: (1) whether the Order denying Plaintiff's motion for appointment of counsel is an immediately appealable order, and if so, (2) whether the magistrate's decision to deny appointment of counsel was appropriate. Inasmuch as the Court concludes that an order denying appointment of counsel in a civil rights case is not immediately appealable, it is neither timely nor necessary to address the second question.

28 U.S.C. § 1291 provides that Courts of Appeals shall have jurisdiction over "all *final* decisions of district courts ... except where a direct review may be had in the Supreme Court." (Emphasis supplied). Generally, this language has been interpreted to mean that an appeal under this section may not be taken until there has been "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351, 357 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911, 916 (1945)); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571, 578 (1981).

Clearly, the Order appealed from in the instant case fails to satisfy this rule. The Order at issue simply denies Miller a mesne request in the on-going prosecution of a claim, the disposition of such intervening request Congress clearly left to the discre-

626 F.2d 576 (7th Cir.1980); *Cotner v. Mason*, 657 F.2d 1390 (10th Cir.1981); *Miller v. Pleasure*, 425 F.2d 1205 (2d Cir.), *cert. denied*, 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970), *overruling Miller v. Pleasure*, 296 F.2d 283 (2d Cir.1961), *cert. denied*, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).

Four Circuits have held that such orders are immediately appealable: *Robbins v. Maggio*, 750 F.2d 405 (5th Cir.1985); *Slaughter v. City of Maplewood*, 731 F.2d 587 (8th Cir.1984); *Brooks v. Central Bank of Birmingham*, 717 F.2d 1340 (11th Cir.1983); *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir.1981).

5. *See Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); *Firestone Tire & Rubber Co., v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

tion of the district courts. The refusal to appoint counsel early-on, while it may make proceeding somewhat more burdensome for a *pro se* litigant, does not end the litigation on the merits. Moreover, such preliminary order does not foreclose future consideration by the trial court of the appropriateness of appointment of counsel as facts and circumstances dictate. As employed in the litigation before this court, the Order was one of a series of the magistrate's directives entered "in order to permit the litigation to progress as contemplated by the Federal Rules of Civil Procedure." The *pro se* litigant remains free to employ counsel to prosecute his claim, to present his claim to the Court on his own, or to renew his motion for appointment of counsel at a later time.

In *Cohen* the Supreme Court has defined a narrow exception to the generally accepted rule that an appeal under 28 U.S.C. § 1291 must await final judgment on the merits. Inasmuch as the litigation from which the present appeal arises has not yet reached final judgment, the Order denying Miller's Motion for Appointment of Counsel is reviewable only if it falls within the *Cohen* exception.

In opening a narrow door to the appellate courts, "*Cohen* did not establish new law; rather, it continued a tradition of giving § 1291 a 'practical rather than a technical construction.'" *Firestone*, 449 U.S. at 375, 101 S.Ct. at 674, 66 L.Ed.2d at 578–79 (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226, 93 L.Ed. at 1536). Moreover, the *Cohen* exception, as developed, operates to preserve a number of important policy con-

siderations encompassed in the finality requirement of § 1291.[6]

Appellant contends that because this case fits within the narrow exception recognized by *Cohen* this Court should recognize jurisdiction and then reach the merits of the appropriateness of appointment of counsel in the case. The Court is not persuaded by the Appellant's argument.

The collateral order exception, as enunciated by the Supreme Court in *Cohen* and subsequently restated by that Court, requires that "[t]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Firestone*, 449 U.S. at 375, 101 S.Ct. at 674, 66 L.Ed.2d at 579 (quoting *Coopers*, 437 U.S. at 468, 98 S.Ct. at 2458, 57 L.Ed.2d at 357–58). This Court's examination of each of these factors leads us to conclude, as has a majority of the circuits that have addressed this issue,[7] that orders denying motions for appointment of counsel in civil cases are not subject to interlocutory appeals.

### III.

■ Under the first tier of the *Cohen* exception, the order from which appeal is sought must conclusively determine the disputed question. This first tier, "stated in *Coopers* as 'must conclusively determine the disputed question,' was restated in *Firestone* as 'the challenged order must constitute a complete, formal and, in the trial court, final rejection ... of a claimed

---

**6.** The Supreme Court has enumerated the important purposes served by requiring a party to raise all claims of error in a single appeal following final judgment on the merits:

It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession

of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). *See DiBella v. United States,* 369 U.S. 121, 124, 82 S.Ct. 654, 656, 7 L.Ed.2d 614 (1962). The rule also serves the important purpose of promoting efficient judicial administration. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974).

*Firestone,* 449 U.S. at 374, 101 S.Ct. at 673, 66 L.Ed.2d at 578.

**7.** *See supra* note 4.

right...'" *Robbins v. Maggio,* 750 F.2d 405, 415 (5th Cir.1985) (citations omitted).

Appellant argues that the Order denying appointment of counsel in this case must be considered to be a conclusive order because it came almost a year after the complaint was filed and without indication as to whether the question of appointment of counsel could be reopened at a later date. Because of the policy considerations noted above, the Court is unwilling at this stage of the civil action to view the Order of the magistrate as one which conclusively determines the issue in question. Because the plaintiff's motion was denied without prejudice, this Court believes that the district court can reconsider, at a later time, in the exercise of its discretionary authority, that the appointment of counsel as a viable option, if in fact such is determined to be necessary.

Under the second tier of the *Cohen* exception the order must "resolve an important issue completely separate from the merits of the action." [8] The district court in the case before us did not decline to appoint counsel because it concluded that it did not have authority to do so in a civil rights case. In the case before us the district court exercised its discretion and concluded that the plaintiff did not, at the present stage in the development of the civil action, need assistance of court-appointed counsel in presenting what the Court viewed as noncomplex factual issues of the case. In reaching the question of whether the Court below properly exercised its discretion in declining to appoint counsel for the plaintiff, this Court would necessarily become "enmeshed" in the consideration of issues which are not wholly

separate from the merits of the case; thus, the second tier of the *Cohen* exception is not met in this appeal.

The ultimate effect of the exercise of discretion by the district court in declining to appoint counsel cannot be fairly and adequately assessed until the substance of the entire case is known. Under Section 1915(d) a plaintiff does not have an absolute right to appointment of counsel.[9] In the district court a plaintiff must show that his case is one with exceptional circumstances.[10] Moreover, a plaintiff may succeed on appeal only if it can be shown that the absence of appointed counsel was so prejudicial that the denial amounted to a denial of fundamental fairness, an abuse of discretion on the part of the district court.[11] Were we to reach the merits of the substantive issue at this early juncture and consider whether a prejudicial exercise of discretion has occurred we would improperly overstep the role of a reviewing Court, take on a supervisory role, and become substantively involved in the district court's management of the case before it.

The third tier of the *Cohen* exception requires that for an order to be reviewable on interlocutory appeal, it must be effectively unreviewable on appeal from the subsequent final judgment entered in the case. Courts which have permitted interlocutory appeals under the reasoning of *Cohen* have indicated that the particular questions before them were too important and too independent of the cause itself to require delay until final disposition of the case in the district court. *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981).[12] We do not view the issue here

---

8. *Coopers,* 437 U.S. at 468, 98 S.Ct. at 2458, 57 L.Ed.2d at 357–58. In *Coopers* the Court held that a district court order denying the plaintiff's request for class certification was not immediately appealable because, *inter alia,* "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers,* 437 U.S. at 469, 98 S.Ct. at 2458, 57 L.Ed.2d at 358 (quoting *Mercantile Nat. Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523, 526 (1963)).

9. *Bowman v. White,* 388 F.2d 756 (4th Cir.), *cert. denied* 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968).

10. *Cook v. Bounds,* 518 F.2d 779 (4th Cir.1975).

11. *See Whisenant v. Yuam,* 739 F.2d 160 (4th Cir.1984).

12. In its Per Curiam Opinion the *Randle* panel points out that courts in so concluding "have failed to recognize that, unlike the question of security in *Cohen,* the Plaintiff's right to court-appointed counsel can be effectively reviewed

to be so fleeting or perishable that it cannot endure until the civil action is concluded and an appeal is taken.

In *Firestone* the Court restated this third tier as one which was met only "where denial of immediate review would render impossible any review whatsoever." *Firestone*, 449 U.S. at 376, 101 S.Ct. at 675, 66 L.Ed.2d 580 (quoting *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85, 89 (1971)). It is not believed, in cases such as the one now before this court, that such orders are effectively unreviewable on final appeal. It is reasonable to believe that a *pro se* litigant who has the ability to perfect an immediate appeal upon denial of appointment of counsel by the district court would be equally able to raise denial of appointment of counsel should he be unsuccessful on the merits and take a final appeal in the matter. The Court can perceive no rights in this case which would be extinguished by the denial of an interlocutory appeal. The Appellant has not demonstrated that circumstances exist, which would preclude this *pro se* litigant from presenting his claim to this Court along with his appeal from the district court should the ultimate issues of his civil action not be resolved in his favor. Experience teaches that a *pro se* litigant will raise on appeal each and every issue resulting from an unfavorable ruling. If the district court's ruling is found to constitute prejudicial error, its judgment can be vacated and remedial measures can be ordered.[13] Thus postponement of review does not result in the effective denial of review; the minimal delay caused by requiring the district court's judgment to become final is not sufficient harm, if it be any at all, to bring this case within that limited scope of orders which are immediately appealable under *Cohen.*

## IV.

Accordingly, this Court holds that an order denying appointment of counsel upon motion made pursuant to 28 U.S.C. § 1915(d) is not reviewable by interlocutory

appeal and remains available for review on appeal from the final judgment. Inasmuch as the finality requirement of 28 U.S.C. § 1291 is jurisdictional in nature, the instant appeal is dismissed for lack of jurisdiction.

DISMISSED.

after final judgment on the merits." *Randle,* 664 F.2d at 1065–66.

13. *See e.g., Whisenant v. Yuam,* 739 F.2d 160 (4th Cir.1984).