831 F.2d 290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas L. JONES, Jr., Plaintiff-Appellant,
v.
Freddy GARDNER, Sr., Sheriff, Defendant-Appellee.
 No. 87-6125.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 21, 1987.
Decided: Oct. 9, 1987.
 
 Thomas L. Jones, Jr., appellant pro se.
 Richard T. Robol, Hunton & Williams, for appellee.
 E.D.Va.
 DISMISSED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (C/A No. 86-962-N).
 Before DONALD RUSSELL, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas L. Jones, Jr., a Virginia inmate, filed this 42 U.S.C. Sec. 1983 action alleging that he had injured himself as a result of an unsafe condition in the shower and had received inadequate medical care afterward. The defendant filed a motion to dismiss supported by an affidavit and Jones was given an opportunity to respond. Instead, he requested appointment of counsel. When his motion was denied, Jones appealed the order denying counsel.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court only has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Final judgment has not yet been entered in this case.
 
 
 3
 The collateral order doctrine provides a limited exception to the final judgment rule. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Under the collateral order doctrine an interlocutory order may be appealed if it (1) conclusively decides the disputed issue; (2) resolves an important issue which is separate from the merits of the case; and (3) is unreviewable on appeal from the judgment. Firestone, supra, at 375.
 
 
 4
 In Miller v. Simmons, 814 F.2d 962 (4th Cir.1987), this Court held that a district court's decision denying a motion for appointment of counsel was not reviewable by interlocutory appeal; thus, it may only be appealed after entry of final judgment.
 
 
 5
 Accordingly, we dismiss this appeal for lack of jurisdiction. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.