898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Lee GALLO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Lee GALLO, Defendant-Appellant.
In re Carl Lee GALLO, Petitioner.
In re Carl Lee GALLO, Petitioner.
 Nos. 89-6617, 89-6638, 89-8024 and 89-8025.
 United States Court of Appeals, Fourth Circuit.
 Feb. 27, 1990.
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, District Judge. (C/A No. 89-44-E-K; CR No. 84-5-E-K)
 On Petition for Writ of Prohibition
 On Petition for Writ of Mandamus
 Carl Lee Gallo, appellant/petitioner pro se.
 Martin Patrick Sheehan, Office of the United States Attorney, for appellee.
 N.D.W.Va.
 AFFIRMED IN PART AND DISMISSED IN PART AND PETITION DENIED.
 Before WIDENER and SPROUSE, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carl Lee Gallo pled guilty in the Northern District of West Virginia to several counts of an indictment charging RICO, drug, and tax offenses. He then filed a collateral challenge to his conviction under 28 U.S.C. Sec. 2255, asserting ineffective assistance of counsel, coercion of his plea, and prosecutorial misconduct. In this consolidated appeal,* he seeks review of the district court's denial of the following motions filed in the pending Sec. 2255 action:
 
 
 2
 (1) motion for recusal of Judge Kidd;
 
 
 3
 (2) motion to have another inmate participate as "next of friend";
 
 
 4
 (3) motion for appointment of counsel;
 
 
 5
 (4) motion for copies of grand jury transcripts;
 
 
 6
 (5) motion for a restraining order to protect Gallo and his family from the wrath of the U.S. Attorney's Office and its agents;
 
 
 7
 (6) motion for an order estopping the respondents from denying the fraud and collusion to which members of the U.S. Attorney's Office have pled guilty before the West Virginia Bar Association.
 
 
 8
 Gallo has also filed in this Court petitions for writs of mandamus (No. 89-8025) and prohibition (No. 89-8024) in which he asks this Court to order the relief requested in the motions listed above.
 
 
 9
 Except for the denial of an injunction ordering the protection of Gallo and his family from the U.S. Attorney's Office and its agents, the denial of the above motions is not appealable prior to entry of final judgment in the Sec. 2255 action. See, e.g., Miller v. Simmons, 814 F.2d 962 (4th Cir.1987), cert. denied, 56 U.S.L.W. 3267 (U.S. Oct. 13, 1987) (No. 86-6884); Vuono v. United States, 441 F.2d 271, 272 (4th Cir.1971). We therefore dismiss the appeals as interlocutory except as to the denial of injunctive relief, which we consider under 28 U.S.C. Sec. 1292(a). As to that portion of the order, we affirm because Gallo's conclusory assertions do not demonstrate the real and immediate threat of harm necessary to warrant injunctive relief and because the issues raised are outside the scope of a Sec. 2255 challenge to the conviction.
 
 
 10
 We deny Gallo's petitions for relief by way of mandamus or prohibition. Mandamus may be used to review a district judge's refusal to recuse himself where his recusal was required under 28 U.S.C. Sec. 455 or Sec. 144. In re Beard, 811 F.2d 818, 827 (4th Cir.1987). We do not find the allegations made in Gallo's motion to disqualify to have required Judge Kidd's recusal under either section. Gallo seeks to place Judge Kidd as a member of a conspiracy to "get" Gallo and his family, but he presents no sufficient factual basis for this assertion. Although Gallo states that he is in the process of filing suit against Judge Kidd, this fact also does not require Judge Kidd's recusal. See United States v. Grismore, 564 F.2d 929, 933 (10th Cir.1977).
 
 
 11
 With respect to the remaining motions on which Gallo seeks this Court's intervention by way of mandamus or prohibition, we find that they involve only discretionary determinations and are not a proper subject for extraordinary relief. The proper mechanism for review of the district court's denial of these motions is by appeal after entry of final judgment in the Sec. 2255 action. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979).
 
 
 12
 For the reasons stated, we affirm the district court's denial of injunctive relief and otherwise dismiss Gallo's appeal from the district court's denial of preliminary motions in his pending Sec. 2255 action. Gallo's petitions for relief by way of mandamus or prohibition are denied. Leave to proceed in forma pauperis is granted. Gallo's motion for judgment on the pleadings directing Judge Kidd's recusal is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 Nos. 89-6617, 89-6638; AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 14
 Nos. 89-8024, 89-8025: DENIED.
 
 
 
 *
 Appeal No. 89-6617 is Gallo's appeal from the district court's denial of the motions listed in the text. Appeal No. 89-6638 is Gallo's appeal from the district court's denial of leave to proceed in forma pauperis on appeal. We treat No. 89-6638 as a renewal in this Court of Gallo's motion for leave to proceed in forma pauperis on appeal pursuant to Fed.R.App.P. 24(a)