983 F.2d 1055
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur Peyton BROCK, Plaintiff-Appellant,
v.
CITY of Richmond; Deputy Bibbs; Andrew J. Winston,
Defendants-Appellees.
 No. 92-6122.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 2, 1992
Decided: January 14, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-91-436-3-CV)
 ARGUED: Deborah C. Wyatt, WYATT & REDINGER, Charlottesville, Virginia, for Appellant. Sarah Jane Chittom, SHUFORD, RUBIN & GIBNEY, Richmond, Virginia, for Appellee Bibb; William Joe Hoppe, CITY ATTORNEY'S OFFICE, Richmond, Virginia, for Appellee City of Richmond. ON BRIEF: John A. Gibney, Jr., David P. Buehler, SHUFORD, RUBIN & GIBNEY, Richmond, Virginia, for Appellee Bibb.
 E.D.Va.
 REVERSED AND REMANDED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal is from a final judgment dismissing all of plaintiff Anthony Peyton Brock's ("Brock's") claims against the City of Richmond and correctional officer Deputy Doris Bibb ("Deputy Bibb"). Brock is an inmate who suffered severe injuries including a broken jaw when he was beaten by other inmates on two separate occasions in 1989 at the Richmond City Jail. Brock claimed that his injuries were a direct result of overcrowding at the jail, the lack of adequate security, and Deputy Bibb's order to transfer Brock, after the first attack, to a section of the prison where he was likely to be injured again because of the inmates housed in that section.
 
 
 2
 Brock filed suit pro se and in forma pauperis against the City of Richmond and Deputy Bibb alleging a violation of 42 U.S.C. § 1983. Brock claims that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from the two inmate assaults.
 
 
 3
 The parties consented to the case being tried by a magistrate judge. After a trial on the merits, the magistrate judge entered judgment for the defendants. Brock now appeals the dismissal of his claims to this court.
 
 
 4
 We reverse the magistrate judge's order dismissing Brock's claims on two grounds. First, the magistrate judge erred in failing to properly consider Brock's ability to adequately present his case as required in Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), before denying Brock's motion for appointment of counsel. Second, we reverse on the grounds that the magistrate abused his discretion in failing to subpoena Brock's witnesses when there was no question that process could easily have been served on them.
 
 I.
 
 5
 Appellant Brock, now an inmate at the Pulaski Correctional Unit # 1, was first attacked at the Richmond City Jail by another inmate on February 23, 1989 in Dormitory F-2. During this attack Brock suffered a concussion and back and leg injuries. Brock did not press charges against his assailant for this attack.
 
 
 6
 Following the assault, Brock was housed in a medical tier. On April 6, 1989, Brock was returned to the general prison population on Tier D-3-R. Brock claims that he told Deputy Bibb that he did not want to be placed on Tier D-3-R because he feared for his safety, but he did not identify any of the inmates of whom he was afraid. After being placed in administrative detention for 10 minutes, Deputy Bibb ordered Deputy C.L. Brown to forcefully move Brock to Tier D-3-R because there was not enough space in administrative detention for him.
 
 
 7
 Brock lived on Tier D-3-R without incident from April 6, 1989 until May 3, 1989. During these four weeks, he did not complain of any incidents or identify any enemies on Tier D-3-R. On May 3, 1989, Brock was the victim of a second severe beating at the hands of other inmates and he suffered a broken jaw in two places which required two surgeries. Brock never revealed the identities of or pressed charges against his assailants.
 
 
 8
 On September 26, 1989, Brock filed suit pro se and in forma pauperis against the City of Richmond and Deputy Bibb alleging violations of 42 U.S.C. § 1983. From the beginning Brock requested counsel to assist him in his claim.
 
 II.
 
 9
 There is no constitutional right to have counsel appointed in a civil case. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). A trial court's denial of counsel is reviewed under the abuse of discretion standard. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir.), cert. denied, 484 U.S. 903 (1987).
 
 
 10
 It is an abuse of discretion for the court to decline to appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances." Whisenant, 739 F.2d at 163. In Whisenant, this court stated that the existence of exceptional circumstances "will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." Id.
 
 
 11
 Brock claims that his case involves the "exceptional circumstances" as defined in Whisenant. Specifically, he claims his case involves complex legal issues that he is ill-equipped to pursue, he has limited knowledge of the law, and he was unable to adequately investigate his overcrowding claims against the City of Richmond from his jail cell in Pulaski.
 
 
 12
 Brock first filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d) on November 6, 1990. On November 15, 1990, the district court denied Brock's motion because it did not find the case "to be sufficiently complex as to warrant the appointment of counsel." Brock filed a second motion for appointment of counsel on July 15, 1991. On August 22, 1991, the magistrate judge denied Brock's motion for appointed counsel because he found that the case did not present "complex issues or exceptional circumstances." This ruling addressed only the question of complexity. It did not consider the equally important question of Brock's ability. In both motions for appointed counsel Brock claimed that he was uneducated in the law and ill-equipped to represent himself. There is no indication, however, that either the district judge or the magistrate judge ever considered Brock's level of education, background, knowledge of the law or ability to bring and prosecute his claim.
 
 
 13
 Under Whisenant, Brock's lack of education generally, and in legal matters particularly, could constitute "exceptional circumstances" requiring the court to appoint him counsel. Therefore, it was an abuse of discretion for the magistrate judge not to inquire into Brock's ability to represent himself and to make a specific finding on this issue before denying his motion for appointment of counsel.
 
 III.
 
 14
 In an order dated October 29, 1991, the magistrate judge notified Brock that he must provide the court with a list of any witnesses he wished to have subpoenaed ten days before the trial, which was scheduled for January 14, 1992. Brock's witness list was not filed with the court until January 6, 1992, but such had been delivered to prison authorities for mailing 14 days before trial. None of Brock's witnesses were subpoenaed. Brock's witness list contained four names: Deputy C.L. Brown, Sheriff Andrew J. Winston, Deputy Gass, and inmate Ricky Wingfield. Of the four, only Deputy Brown, who was scheduled to testify for the defendants, was present.
 
 
 15
 Brock told the magistrate judge he was not prepared to proceed because he did not have any witnesses and he did not have a log of events allegedly in the possession of Deputy Gass.* After Brock stated that he was not ready to proceed, the court responded, "If you want to go forward, this is the only opportunity I can give you."
 
 
 16
 With the exception of inmate Ricky Wingfield, all of Brock's witnesses were jail officials. These were not distant witnesses who were unaware of the trial. It would have been a simple matter to serve subpoenas on his witnesses or to arrange for their appearance, because they either worked near or were confined to the jail. Under these circumstances, it was an abuse of discretion to refuse to subpoena Brock's witnesses.
 
 
 17
 For the reasons stated above, we reverse the magistrate judge's decision and remand the case for a new trial. Prior to trial, the court shall consider and make the findings required by Whisenant v. Yuam.
 
 REVERSED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 The defendants maintain that Brock received all of the records pertaining to the two assaults and that Deputy Gass does not have an additional log