**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2199**

_____

VICKIE L. MCIVER ROBERTS,

                                        Plaintiff - Appellant,

        versus

GOODWILL INDUSTRIES, Incorporated,

                                        Defendant - Appellee.

_____

**No. 03-2453**

_____

VICKIE L. MCIVER ROBERTS,

                                        Plaintiff - Appellant,

        versus

GOODWILL INDUSTRIES, Incorporated,

                                        Defendant - Appellee.

_____

Appeals from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CA-03-398-1)

_____

Submitted:  April 28, 2004          Decided:  June 16, 2004

_____

Before WIDENER and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

Vickie L. McIver Roberts, Appellant Pro Se.  Penni Pearson Bradshaw, KILPATRICK STOCKTON, L.L.P., Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Vickie L. McIver Roberts appeals the district court's orders affirming the magistrate judge's order denying her appointment of counsel[*] and granting Defendant's motion for judgment on the pleadings in her action under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act. We have reviewed the record and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Roberts v. Goodwill Indus., Inc., No. CA-03-398-1 (M.D.N.C. filed Sept. 17, 2003; entered Sept. 18, 2003 and Nov. 14, 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Although Roberts's appeal of the district court's order denying her motion for appointment of counsel was interlocutory when filed, see Miller v. Simmons, 814 F.2d 962, 964 (4th Cir. 1987), the district court's entry of judgment prior to our consideration of the appeal confers jurisdiction upon this court to entertain the matter under the doctrine of cumulative finality. See Equip. Fin. Group v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).