**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6288**

KENNETH CARLOS HALL,

             Plaintiff - Appellant,

        v.

ANNA HOLSMITH, Med. Tech.; CHUCK JENKINS, Sheriff,

             Defendants – Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson Everett Legg, Chief District
Judge. (1:08-cv-00301-BEL)

Submitted: July 7, 2009          Decided: July 21, 2009

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth Carlos Hall, Appellant Pro Se. Mary Malloy Dimaio,
POWERS & FROST, LLP, Towson, Maryland; Kevin Bock Karpinski,
KARPINSKI, COLARESI & KARP, PA, Baltimore, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Carlos Hall, a former inmate at the Frederick County Adult Detention Center, filed this 42 U.S.C. § 1983 (2006) civil rights action against medication technician Anna Holtzman[1] and Sheriff Chuck Jenkins, alleging that Holtzman intentionally denied him medication on December 17, 2007, violating his Fifth, Eighth, and Fourteenth Amendment rights. Hall appeals the district court's denial of his motions to appoint counsel and grant of summary judgment in Holtzman's favor.[2] Finding no error, we affirm.

I.

On appeal, Hall first challenges the district court's denial of his motions for appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1) (2006), "[t]he court may request an attorney to represent any person unable to afford counsel." However, there is no absolute right to appointment of counsel; a plaintiff must present "exceptional circumstances." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional

---

[1] Hall's action incorrectly names "Anna Holsmith" as a defendant. The defendant/appellee's name is Anna Holtzman.

[2] Hall does not challenge the district court's dismissal of Jenkins as a party in his informal brief. Therefore, Hall has forfeited appellate review of the issue. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

circumstances exist where "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (citation omitted), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). A district court's denial of a motion to appoint counsel is reviewed for abuse of discretion. Miller, 814 F.2d at 966. The claims presented in Hall's complaint are not complicated and Hall has demonstrated the capacity to present those claims adequately in his numerous court filings. Therefore, the district court did not abuse its discretion in denying Hall's motions for appointment of counsel.

II.

Hall also challenges the district court's grant of summary judgment in Holtzman's favor and its denial of his motion for summary judgment, arguing the decision was "based on undisputed material facts that [do] not exist." Hall alleges that the district court could not have assessed the seriousness of his medical condition because his medical records do not contain a diagnosis. We review a district court's grant of summary judgment de novo, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th

3

Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Additionally, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The Due Process Clause of the Fourteenth Amendment governs a pretrial detainee's claim of denial of medical care. Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). However, "[p]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). Thus, we use the Eighth Amendment's "deliberate indifference" standard of Estelle v. Gamble, 429 U.S. 97, 104 (1976), in evaluating the pretrial detainee's claim. Id.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). Thus, "[t]o succeed on an Eighth Amendment

4

. . . claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." Id. Mere negligence does not constitute deliberate indifference; "[b]asically, a prison official 'must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

We conclude that the symptoms Hall complained of[3] do not amount to a serious medical need such that the temporary deprivation of a dose of over-the-counter medication rises to the level of deliberate indifference. Hall speculates that his symptoms could have been indicative of "small pox, primary influenzal viral pneumonia, aids, or a secondary bacterial pneumonia [any] of which may have resulted in death from

[3] Hall initially complained of fever, body aches, sinus congestion, and sore throat, although his temperature was found to be normal on examination.

hemorrhage within the lungs." However, there is no indication in the medical records that Hall's condition had progressed beyond his initial complaints. Pure speculation cannot create a genuine issue of material fact. Emmett, 532 F.3d at 297. Moreover, a dispute over whether Hall's symptoms were cold-like or flu-like[4] does not create a genuine issue of material fact. See Anderson, 477 U.S. at 247-48. Therefore, we find that the district court properly granted summary judgment in Holtzman's favor.

Accordingly, we affirm the district court's denial of Hall's motions to appoint counsel and grant of summary judgment in Holtzman's favor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[4] Hall attempts to create an issue from Holtzman's statement in her motion for summary judgment that Hall was suffering from cold symptoms and Holtzman's statement in her informal brief acknowledging flu-like symptoms.