**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6345**

DEXTRAM LOUIS HARRIS,

        Plaintiff – Appellant,

    v.

TIM SALLEY, Sergeant, Deputy Sheriff, Personal and Official
Capacity,

        Defendant – Appellant,

    and

MECKLENBURG COUNTY JAIL; JOHN DOE, Magistrate Personal and
Official Capacity; E.E. COLEMAN, JR., Clerk of Court,
Personal and Official Capacity; LESLIE MORTON OSBORN, Judge,
Personal and Official Capacity; NORA J. MILLER,
Commonwealth's Attorney, Personal and Official Capacity;
DANNY FOX, Sheriff, Personal and Official Capacity,

        Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:06-cv-00837-RLW)

Submitted:  July 21, 2009        Decided:  August 3, 2009

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dextram Louis Harris, Appellant Pro Se. John Adrian Gibney, Jr., Thomas Douglas Lane, THOMPSON MCMULLAN, PC, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dextram Louis Harris, a Virginia prisoner, filed this 42 U.S.C. § 1983 (2006) civil rights action against Tim Salley, a deputy sheriff at the Mecklenburg County Jail, alleging a violation of his Eighth and Fourteenth Amendment rights. On June 11, 2007, Harris moved to amend his complaint to add Commonwealth's Attorney Nora Miller, Magistrate "John Doe," Sheriff Danny Fox, Judge Leslie M. Osborn, and Clerk of Court E.E. Coleman, Jr., to the action, alleging violations of his Fourteenth Amendment right to equal protection for their alleged failure to assist him in bringing assault charges against Salley. On October 17, 2007, the district court dismissed the Mecklenburg County Jail from the suit and dismissed Harris's equal protection claim as futile, allowing Harris's action to proceed solely against Salley on the Eighth and Fourteenth Amendment claim. The district court subsequently denied three more motions from Harris to amend his complaint.

The district court granted summary judgment in Salley's favor on January 28, 2009, finding that Harris's injury was de minimis. Harris now appeals the district court's denial of his motions to amend his complaint, his motions to appoint counsel, and the grant of summary judgment in Salley's favor. Finding no error, we affirm.

3

I.

Harris first contends that the district court erred in denying his motions to amend his 42 U.S.C. § 1983 complaint to add an equal protection claim against several putative defendants. The district court's denial of a motion to amend is reviewed for abuse of discretion. See Shealy v. Winston, 929 F.2d 1009, 1013 (4th Cir. 1991). Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may only amend its pleading a second or subsequent time with the opposing party's consent or leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, futility is a proper ground for denying a motion to amend. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

The district court denied Harris's various motions to amend his complaint in which he sought to add equal protection claims because Harris had no right to insist that the several putative defendants cooperate to ensure Salley's criminal prosecution. Because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973), Harris does not have a constitutional right to institute criminal proceedings against Salley or to sue the defendants for failing to use their authority to do so. Thus, Harris's

4

proposed amendments were futile, and the district court did not abuse its discretion in denying the motions to amend.

## II.

Harris also contends that the district court erred in granting summary judgment in Salley's favor. We review a district court's grant of summary judgment de novo, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on prisoners, which includes the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citations omitted). To succeed on an Eighth Amendment claim, a prisoner must show that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . the injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

With regard to the objective component, "[t]he Eighth Amendment's prohibition . . . necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillan, 503 U.S. 1, 9-10 (1992) (internal quotation marks and citations omitted). We have held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc); see also Iko, 535 F.3d at 238 (holding that "[a]n injury is sufficiently serious for purposes of the objective component of an Eighth Amendment excessive force claim as long as it rises above the level of de minimis harm"). Extraordinary circumstances exist where the use of force is "repugnant to the conscience of mankind . . . or the pain itself will be such that it can properly be said to constitute more than de minimis injury." Norman, 25 F.3d at 1263 n.4 (internal quotation marks and citation omitted).

It is undisputed that there was some physical contact between Harris and Salley. However, we conclude that Harris's injury was de minimis. Harris admits that he suffered only swelling and soreness beneath his left eye as a result of the contact between himself and Salley. Seward, the nurse who examined Harris at the Brunswick County Jail, noted only

6

tenderness below Harris's left eye. Harris never requested medical treatment during his stay at the Brunswick County Jail. We also conclude that there are no extraordinary circumstances that would allow Harris to prevail on his claim. Thus, since Harris fails to demonstrate the objective component of his claim, the district court did not err in granting summary judgment in Salley's favor.

## III.

Finally, Harris challenges the district court's denial of his motions to appoint counsel. Pursuant to 28 U.S.C. § 1915(e)(1) (2006), "[t]he court may request an attorney to represent any person unable to afford counsel." However, there is no absolute right to appointment of counsel; a plaintiff must present "exceptional circumstances." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). A district court's denial of a motion to appoint counsel is reviewed for abuse of discretion. Miller, 814 F.2d at 966. We find that the claims presented in Harris's complaint are not complicated and that Harris has demonstrated the capacity to

7

present those claims adequately in his court filings. Therefore, the district court did not abuse its discretion in denying Harris's motions for appointment of counsel.

Accordingly, we affirm the district court's judgment and deny Harris's pending motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED