**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6084**

_____

DAVID LEE RUSSELL,

                Plaintiff - Appellant,

     v.

UNITED STATES OF AMERICA,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, District Judge.  (2:15-cv-00022-JPB-MJA)

_____

Submitted:  August 18, 2016        Decided:  November 2, 2016

_____

Before AGEE, THACKER, and HARRIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

David Lee Russell, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Russell, a federal inmate housed in West Virginia, appeals the district court's order dismissing without prejudice his complaint brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680 (2012). Russell alleged that two of the prison's healthcare providers committed malpractice in treating his elevated blood pressure. The district court concluded that Russell's claim could not proceed because, under West Virginia law, he required expert testimony to establish the elements of the claim, W. Va. Code § 55-7B-3 (2016), and he had not submitted a screening certificate of merit completed by an appropriate expert, W. Va. Code § 55-7B-6 (2016). We conclude that the court's failure to explain its decision regarding the necessity of expert testimony in this case renders it difficult, if not impossible, to engage in meaningful appellate review. We therefore vacate and remand for further proceedings.

We review a district court's dismissal for failure to state a claim de novo, "accept[ing] as true the factual allegations set forth in the complaint." Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 71 (4th Cir. 2016). Although we are "obligat[ed] to liberally construe a pro se complaint," the factual allegations must still "be enough to raise a right to relief above the speculative level." Id. at 71-72 (internal quotation marks omitted).

"The FTCA waives the federal Government's sovereign immunity in tort actions, making the United States liable in the same manner and to the same extent as a private individual under like circumstances." Cibula v. United States, 664 F.3d 428, 429 (4th Cir. 2012) (internal quotation marks omitted). To determine liability under the FTCA, courts apply "the law of the place where the negligent act or omission occurred." Id. at 430 (brackets and internal quotation marks omitted). Here, the district court appropriately applied West Virginia law.

Medical malpractice claims in West Virginia are governed by the Medical Professional Liability Act. Banfi v. Am. Hosp. for Rehab., 529 S.E.2d 600, 605 (W. Va. 2000). Generally, "in medical malpractice cases[,] negligence or want of professional skill can be proved only by expert witnesses." Id. (internal quotation marks omitted). However, failure to produce expert testimony "is not fatal to a plaintiff's prima facie showing of negligence" when "lack of care or want of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience." Id. at 605-06 (internal quotation marks omitted). Whether an expert is required is within the discretion of the court, and the court's decision on the matter is therefore reviewed for abuse of discretion. Id. at 605; see W. Va. Code § 55-7B-7 (2016).

3

In concluding that Russell was required to proffer an expert opinion before advancing his claim, the district court stated only that, "[u]pon a review of the case file, this [c]ourt finds this subject matter is such that requires expert testimony." Although the standard of review is deferential, the court's explanation must still allow us to engage in meaningful appellate review. We are unable to discern which facts the court deemed significant in concluding that Russell's is not one of the rare cases that may be submitted to a jury without the benefit of expert testimony. See Totten v. Adongay, 337 S.E.2d 2, 7 (W. Va. 1985) (describing "common knowledge exception" as "rare"). Accordingly, we vacate and remand for further proceedings.[*] The district court is free to reconsider its decision or again conclude that expert testimony is required. But, in either scenario, the court must identify specific reasons for its decision, drawing support from evidence in the record.

---

[*] Although the court may certainly reassess the propriety of appointing counsel at a later time, we conclude that the court did not abuse its discretion in denying Russell's motions for appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Further, because we vacate and remand the court's order dismissing Russell's FTCA claim, we decline to consider Russell's appeal of the order denying his Fed. R. Civ. P. 59(e) motion for reconsideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>