**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1182**

SHAUN BROWN; JENEVER BROWN; JOBS VIRGINIA COMMUNITY
DEVELOPMENT CORPORATION, JOBS, (JOBS),

Plaintiffs - Appellants,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, (USDA); WILLIAM
STRONG, in his official and individual capacity; VIRGINIA DEPARTMENT OF
HEALTH, (VDH),

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Liam O'Grady, District Judge.  (1:17-cv-01377-LO-MSN)

Submitted:  May 24, 2018                          Decided:  May 29, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Shaun Brown and Jenever Brown, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaun Brown, Jenever Brown, and Jobs Virginia Community Development Corp. seek to appeal the district court's order denying their motion to appoint counsel. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Appellants seek to appeal is neither a final order nor an appealable interlocutory or collateral order. *See Miller v. Simmons*, 814 F.2d 962, 965 (4th Cir. 1987) (holding "that orders denying motions for appointment of counsel in civil cases are not subject to interlocutory appeals").[*] Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although the district court dismissed the complaint with prejudice before we considered this appeal, the doctrine of cumulative finality does not cure the jurisdictional defect. *Equip. Fin. Grp. v. Traverse Comput. Brokers*, 973 F.2d 345, 347-48 (4th Cir. 1992) (holding that doctrine of cumulative finality only applies where order appealed could have been certified under Fed. R. Civ. P. 54(b)); *see In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (noting that "a premature notice of appeal from a clearly interlocutory decision" cannot be saved under doctrine of cumulative finality (internal quotation marks omitted)).