**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6269

JAMES ANDREW METCALF,

Plaintiff - Appellant,

v.

GEO GROUP, INCORPORATED, Contractor for Virginia Department of Corrections; MICHAEL BRECKON, Facility Administrator, LVCC - individually and in their official capacities; STEPHEN HERRICK, Director of Health Services - individually and in their official capacities; ANNETTE SCHWENDINGER, Facility Nurse Practitioner (FNP), LVCC - individually and in their official capacities; N. H. SCOTT, Deputy Director for Administration - individually and in their official capacities,

Defendants - Appellees,

and

COURTNEY HARRIS, Health Services Administrator (HSA), LVCC - individually and in their official capacities,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:19-cv-00842-HEH-EWH)

Submitted:  March 28, 2024                                Decided:  June 4, 2024

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

————————————

James Andrew Metcalf, Appellant Pro Se.  Gregory S. Bean, Michael Gordon Matheson, GORDON REES SCULLY MANSUKHANI, LLP, Williamsburg, Virginia; John P. O'Herron, THOMPSON MCMULLAN PC, Richmond, Virginia; Grace Morse-McNelis, FRITH, ANDERSON & PEAKE, PC, Glen Allen, Virginia, for Appellees.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Andrew Metcalf, a Virginia inmate housed in Lawrenceville Correctional Center, filed the instant 42 U.S.C. § 1983 action asserting that Defendants were deliberately indifferent to his serious medical need for hearing aids, in violation of the Eighth Amendment, and violated his rights under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131. Metcalf appeals the district court's orders granting, in part, Defendant Stephen Herrick's motion to dismiss, and granting Defendants' motions for summary judgment.

Turning first to the district court's dismissal of Metcalf's deliberate indifference claim against Herrick, we review de novo a dismissal for failure to state a claim. *Stewart v. Iancu*, 912 F.3d 693, 702 (4th Cir. 2019). "To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6),] a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim against Herrick for supervisory liability, Metcalf was required to show:

> (1) [Herrick] knew that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) his response showed deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between his inaction and the constitutional injury.

*King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016) (internal quotation marks omitted).

Metcalf failed to plausibly allege that Herrick was subjectively aware that medical personnel were "engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury [or that] his response showed deliberate indifference to or tacit

3

authorization of the alleged offensive practices." *Id.* (internal quotation marks omitted). We therefore conclude that the district court did not err by dismissing this claim.

Next, we also "review a grant of summary judgment de novo, viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." *Pledger v. Lynch*, 5 F.4th 511, 524 (4th Cir. 2021) (internal quotation marks omitted). Metcalf contends that the district court erred by declining to consider his evidence in opposition to Defendants' motions for summary judgment, based on the court's conclusion that Metcalf failed to properly verify the documents. However, even assuming, without deciding, that the court erred by deeming Metcalf's proffered evidence inadmissible (and, therefore, insufficient to oppose summary judgment), any error in this regard was harmless because Metcalf's excluded evidence did not establish a triable issue on any of his claims. *See United States v. Caldwell*, 7 F.4th 191, 204 (4th Cir. 2021). Finally, we perceive no abuse of discretion in the magistrate judges' orders denying Metcalf's motions to appoint counsel. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987) (stating standard).

Upon review of the record and Metcalf's arguments on appeal, we discern no reversible error. Accordingly, we affirm the district court's orders. *Metcalf v. GEO Grp., Inc.*, No. 3:19-cv-00842-HEH-EWH (E.D. Va. June 10, 2021; Feb. 24, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4