**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-6295**

───────────

MARCUS ANTONIO SATTERFIELD,

　　　　　Plaintiff - Appellant,

　　　v.

OFFICER T. J. KNAUB, Police Officer of the R.P.D. Roxboro; ROXBORO POLICE DEPARTMENT,

　　　　　Defendants - Appellees.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23-cv-00144-WO-JLW)

───────────

Submitted:  July 30, 2024　　　　　　　　　　Decided:  August 2, 2024

───────────

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Marcus Antonio Satterfield, Appellant Pro Se.  Katherine Marie Barber-Jones, HARTZOG LAW GROUP LLP, Raleigh, North Carolina, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Antonio Satterfield seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing in part Satterfield's amended complaint. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record reveals that the district court has not adjudicated all the claims raised in the amended complaint. *Id.* at 696-97. Specifically, although the district court dismissed Satterfield's *Bivens*[*] claim against Defendant T. J. Knaub, it did not dismiss Satterfield's 42 U.S.C. § 1983 claim against him. That claim remains pending in the district court. Moreover, the portions of the district court's order denying Satterfield's motions to further amend the complaint and denying his request for appointment of counsel are not immediately appealable. *See Kelly v. Town of Abingdon*, 90 F.4th 158, 165 n.3 (4th Cir. 2024) (motion to amend); *Miller v. Simmons*, 814 F.2d 962, 964 (4th Cir. 1987) (motion for appointment of counsel). We therefore conclude that the order Satterfield seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction.

---

[*] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*